*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Quiyanna Thomas

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DIANA FERRUZOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: |
| | ) | 2021CV01174 |
| WAL-MART, INC., and JOHN DOE, | ) | |
| | ) | |
| Defendant, | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, DIANA FERRUZOLA, (hereinafter referred to as "Plaintiff"), by and through his Counsel of Record, and shows this Court the following facts and circumstances in support of his Complaint.

1.

The Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as "Defendant Wal-Mart") is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. § 9-11-4(e)(1), can be served with a Summons and Complaint for Personal Injuries by delivery of the same to its managing agent located at the Wal-Mart Supercenter at 7050 GA-85, Riverdale, Clayton County, Georgia 30274.

2.

On July14, 2019 Plaintiff was an invitee at Defendant Wal-Mart's supercenter store located at 7050 GA-85, Riverdale, Clayton County, Georgia 30274. While the Plaintiff was near the home section of the store, she slipped and fell on a soap-like liquid substance that was allowed to accumulate and remain on the floor of the store.

3.

Defendant JOHN DOE was the on duty manager of the Wal-Mart Supercenter located at 7050 GA-85, Riverdale, Clayton County, Georgia 30274 on July 14, 2019 at the time of Plaintiff's fall and is unidentified and unknown at this time.

4.

Defendant JOHN DOE is a resident of the State of Georgia.

5.

Venue as to Defendant JOHN DOE is proper in Clayton County State Court.

## COUNT I:

## NEGLIGENCE OF DEFENDANT WAL-MART

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if the same were restated herein verbatim.

7.

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

8.

Plaintiff lacked knowledge of the hazard despite his exercise of ordinary care.

9.

This is a clear liability case caused by Defendant Wal-Mart's negligent conduct with no bona fide controversy related to the fact that: 1) Defendant Wal-Mart owns and operates the

premises where the incident in question occurred; 2) Plaintiff was injured when he slipped on a foreign object on the floor of the store; 3) Defendant had a duty to exercise ordinary care in keeping the premises and approaches to the store safe; 4) Defendants breached that duty; and 5) Defendants' breach of that duty caused injury to the Plaintiff.

10.

As a direct and proximate result of Defendant Wal-Mart's negligence, Plaintiff suffered serious and persistent injuries, which caused him great pain and suffering.

## COUNT II:

## NEGLIGENCE OF DEFENDANT JOHN DOE

11.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 10 above as if the same were restated herein verbatim.

12.

Defendant JOHN DOE at all times relevant to this action, had control and/or supervision over Defendant Wal-Mart's premises located at 7050 GA-85, Riverdale, Clayton County, Georgia 30274.

13.

Defendant JOHN DOE held superior knowledge to Plaintiff as to the hazardous condition of the liquid on the floor that caused Plaintiff's fall.

14.

Defendant JOHN DOE had a duty to exercise ordinary care in keeping the premises and approaches to the store safe; Defendant JOHN DOE breached that duty; and Defendant JOHN DOE's breach of that duty caused injury to the Plaintiff.

## COUNT III:

## DAMAGES

15.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 14 above as if the same were restated herein verbatim.

16.

Based upon the information currently held by counsel for Plaintiff, Plaintiff has incurred medical expenses for the necessary care and treatment of the injuries to Plaintiff resulting from the incident that constitutes the basis of the underlying action.

17.

As a direct and proximate result of Defendants' negligence, Plaintiff has endured emotional distress and mental anxiety.

18.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered interference with enjoyment of life.

19.

The Plaintiff has lost earnings and wages due to her inability to work after suffering the injuries caused by the negligence of the Defendants.

20.

Both the incident and the injuries sustained by Plaintiff were the direct and proximate result of the negligent acts of the Defendants.

**WHEREFORE**, Plaintiff prays that she have a TRIAL BY JURY on all issues and judgment against Defendants as follows:

(a) That Plaintiff recover the full value of her medical expenses in an amount to be proven at trial but:

(b) That Plaintiff have judgment against Defendant for loss of income, earnings and wages in an amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recover for physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(d) That Plaintiff recover for her loss of enjoyment of life in amount to be determined by the enlightened conscience of a jury;

(e) That Plaintiff recover for the cost of this litigation; and

(f) That Plaintiff recover such other and further relief as is just and proper.

This 19th day of May, 2021.

JOY FOY & ASSOCIATES, P.C.

/s/Michael Johnson
Michael Johnson, Esq.
Georgia Bar Number 679391
Attorney for Plaintiff

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 602-4196 Telephone
(404) 733-3995 Facsimile
mjohnson@johnfoy.com

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DIANA FERRUZOLA,                                    Civil Action File No.
                                                   2021CV01174
            Plaintiff,

v.

WAL-MART, INC., and
JOHN DOE

            Defendants.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART, INC. and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

 Plaintiff's claims are barred by insufficiency of service and insufficiency of process.

<u>SEVENTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

6.

Defendant re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if the same were restated verbatim.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint, as stated.  The applicable case law has been omitted.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, including subparagraph 1), 2), 3) and 4) thereof.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant re-alleges and incorporates herein by reference paragraphs 1 through 10 above as if the same were restated herein verbatim.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant re-alleges and incorporates herein by reference paragraphs 1 through 14 above as if the same were restated verbatim.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

22.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), and f) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WAL-MART, INC.

Page -6-

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART, INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __18th__ day of June, 2021.

McLAIN & MERRITT, P.C.

/s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -8-